[Civ. No. 1162.   Fourth Appellate District.—September 25, 1934.]

STANLEY M. GUE, as Deputy of the Chief of the Division of Labor Statistics, etc., Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Arthur L. Johnson for Petitioner.

Thomas Whelan, District Attorney, and Edward W. Goodman, Deputy District Attorney, for Respondents.

JENNINGS, J.—This is an original application for a writ of mandate. The petition alleges that the applicant is a Deputy of the Chief of the Division of Labor Statistics and Law Enforcement, Department of Industrial Relations, State of California; that in accordance with the provisions of a certain statute which is known as the "Wage Collection Law" the chief of the above-mentioned division and his representatives duly authorized by him in writing are empowered to take assignments of wage claims and other claims of workers for collection in the courts of California without

being required to pay court costs of any nature; that pursuant to the authority granted by the above specified statute petitioner took written assignments of claims for unpaid wages and for mechanics' liens of certain designated laborers and workers against certain specified individuals who were alleged to be employers of the assignors of said claims and owners of property upon which the labor of said assignors had been bestowed; that petitioner thereupon filed the statutory ''Notice of Claim of Lien'' and thereafter instituted an action in the respondent court in his official capacity as Deputy of the Division of Labor Statistics, etc., for the collection of such claims and for the foreclosure of the mechanics' liens securing the same; that the defendants in said action were duly served with process and the said action was set for trial before the respondent court; that on the day appointed for trial the petitioner as plaintiff and the various defendants in said action appeared before the court and announced their readiness to proceed with the trial of said cause but that the judge of the respondent court before whom said action was to be tried refused to permit the trial to be commenced until petitioner deposited in cash a portion of the fees required to be paid to the official court reporter designated by said judge to report the proceedings in the trial of said cause and further ruled that it was compulsory that a phonographic reporter be employed in all contested matters in said respondent court; that thereupon petitioner announced to the court that he was unable to deposit with the clerk of the court the reporter's fees so ordered to be paid, whereupon, the judge of said court continued the matter until the following day, at which time all parties to said action again appeared and announced readiness to proceed with the trial and petitioner particularly requested the judge to proceed with the trial without requiring payment by petitioner of the reporter's fees on the ground that such fees constitute court costs which are not required to be paid by petitioner acting in his official capacity as deputy labor commissioner; that the respondent judge again refused to permit the trial to proceed unless petitioner first deposited the reporter's fee in advance and thereupon made an order striking the cause from the trial calendar of the court ''to be restored when the plaintiff pays or indicates that he is ready, willing, and able to pay

the reporter's fee''. The petition further alleges that the claims for wages for the collection of which the action was instituted are, in the judgment of petitioner, valid and enforceable in the courts, and that the assignors of said claims are financially unable to employ counsel; that petitioner has no plain, speedy or adequate remedy in the ordinary course of law nor has he any remedy whatever other than by this petition for the writ of mandate since he is powerless to compel the court to proceed with the trial and likewise powerless to compel the department of finance of the state of California to supply funds for the payment of fees demanded to be paid by the respondent court. To the peti-. tion thus drawn respondent has interposed a demurrer on the ground that the petition does not state facts sufficient to constitute any ground for the issuance of a writ of mandate.

The statute upon which petitioner particularly relies as establishing his right to the issuance of the writ of mandate herein is section 7 of the Statutes of 1883, chapter 21, page 27, as amended by chapter 228 of the Statutes of 1919, page 330, by chapter 257 of the Statutes of 1923, page 511, by chapter 231 of the Statutes of 1929, and by chapter 824 of the Statutes of 1931. This statute is commonly referred to as the ''Wage Collection Law''. Section 7 of said statute provides in brief that the Chief of the Division of Labor Statistics and Law Enforcement, etc., also designated therein as ''the Commissioner'' and his representatives duly authorized in writing shall have the authority to take assignments of wage claims and to prosecute actions for the collection of wages of persons who, in the judgment of the commissioner or his representative, are financially unable to employ counsel, in cases in which, in the judgment of the commissioner or his representative such claims are valid and' enforceable in the courts. The section also provides as follows: ''When civil action is brought by the commissioner, or his duly authorized representative, no court costs of any nature shall be payable by the said commissioner, or his representative, in connection with same and any sheriff or constable requested by said commissioner, or his said representative, to serve the summons in the said action upon any person, firm, association, or corporation within his jurisdiction or levy an attachment, garnishment or execution in the said action upon any money or property of any defend-

ant within his jurisdiction, shall do so without costs to the said commissioner, or his said representative, except for keeper's fees, mileage fees and storage charges; provided, however, that he must specify when such summons or other process is returned, what costs he would ordinarily have been entitled to for such service, and such costs and the other regular court costs that would have accrued were the action not an official action shall be made a part of any judgment recovered by the said commissioner, or his said representative, and shall be paid by him if sufficient money is collected by him to cover same over and above the wages or other demands actually due the claimants on whose behalf he sued, and not otherwise.''

Petitioner also relies on section 4295 of the Political Code of California which provides that ''state, county, and township officers shall not, in any case, except in proceedings upon *habeas corpus,* perform any official services unless upon the payment of such fees as are prescribed by law, for the performance of such services, provided, that except where otherwise specifically provided the state or any county, city, city and county, district, or other political subdivision, or any public officer, or board or body, acting in his or its official capacity on behalf of the state, or any county, city, city and county, district, or other political subdivision, shall not be required to pay or deposit any fee for the filing of any document or paper, or for the performance of any official service; . . . ''

In support of the general demurrer to the petition, respondent contends first, that the fees payable to court reporters are not court costs and, second, that section 274 of the Code of Civil Procedure requires the payment of fees to court reporters for their services in all cases without exception.

The first of the above stated contentions is not particularly impressive for the reason that the very statute upon which respondent places chief reliance, viz., section 274 of the Code of Civil Procedure, specifically provides that ''the fees for reporting and for all other transcriptions ordered by the court to be made must be paid by the parties in equal proportion, and either party may, at his option, pay the whole thereof; and, in either case, all amounts so paid by

the [party] to whom costs are awarded must be taxed as costs in the case''.

Respondent's second contention is more persuasive. Section 274 is found in chapter III, title 4, of part 1 of the Code of Civil Procedure. The title of the chapter is Phonographic Reporters and the title of section 274 is ''Fees''. It deals generally with the compensation fixed for court reporters for the rendition of specified services. The closing paragraph is in the following language:

''In civil cases the fees for reporting and for all other transcriptions ordered by the court to be made must be paid by the parties in equal proportion, and either party may, at his option, pay the whole thereof; and, in either case, all amounts so paid by the party to whom costs are awarded must be taxed as costs in the case. The fees for transcripts and copies ordered by the parties must be paid by the party ordering the same. No reporter shall perform any service in a civil action other than transcriptions until his fee therefor has been deposited with the clerk of the court.''

It is our opinion that respondent's demurrer to the petition is well taken and must be sustained. It appears that rule XVI of the Rules of the Superior Court of San Diego County provides that ''all contested civil actions or proceedings where oral evidence is taken, shall be reported, unless otherwise ordered''. The petition fails to allege that petitioner moved the court for the issuance of an order that the trial proceed without being reported. For all that appears in the petition, petitioner desired to have the services of the court reporter without paying therefor. This he was not entitled to have. Section 274 provides that the fees for reporting must be paid by the parties in equal proportion and that when so paid they shall be taxed as costs in the case to be recovered by the party to whom costs are awarded. The court obviously lacked the power to comply with petitioner's request to order the trial to proceed and to be reported without payment by petitioner of one-half of the reporter's fees since section 274 specifically prohibits a court reporter from performing any service in a civil action until his fee therefor has been deposited with the clerk of the court. The court could not disregard the plain mandate of the statute and order the reporter to perform a service which he is expressly forbidden to perform unless

payment therefor be first made. Whatever the status of the court reporter may be it is certain that he cannot be compelled to act in the capacity which was here sought without payment of the fees fixed by the statute.

The language of the last sentence of section 274 is clear and positive and would appear to preclude the possibility of a trial court being required to attempt to compel a court reporter to officiate during the trial of a civil action unless the statutory fees are first paid.

It may not be entirely superfluous to observe that the employment of a court reporter is not mandatory in the trial of all civil cases. If petitioner had been willing to proceed with the trial of the action without a reporter he should have made this plain to the trial judge. If he had done so the court would undoubtedly have ordered the trial to proceed without the participation of the court reporter unless the defendants should elect to pay the whole amount required as reporter's fees as provided by the above mentioned statute. Petitioner is not justified in demanding the luxury of the reporter's services without payment of his share of the fees. Arrival at this conclusion does not mean that petitioner may properly be deprived of the right of trial without a reporter. It simply means that he is not entitled to the service of a reporter without payment of the fees.

It is significant that the "Wage Collection Law" in the very sentence which specifies that no court costs of any nature shall be payable by the commissioner or his representative, makes an exception with respect to fees charged by a sheriff or constable in connection with the service of process or the levy of writs of attachment, garnishment or execution. With respect to the service performable by these officers, keeper's fees, mileage fees, and storage charges are specifically excepted from the blanket provision that no court costs shall be payable by the commissioner or his representative. The framers of this statute evidently recognized that there were certain charges that might conceivably be required to be paid before the final outcome of the action although such charges would in the final analysis, be properly included in a memorandum of costs to be filed by the commissioner if he should be successful in the suit, and costs of the action should be awarded to him. The exception also

indicates a recognition by the framers of the statute that certain persons not connected with the courts or with the official machinery provided for the proper execution of court orders and not receiving compensation from the public exchequer might, in the accomplishment of certain statutory remedies, be called upon to render service for which they would be entitled to compensation which would be payable upon the rendition of such service. The obvious reason underlying the exception is applicable to the fees which the law provides shall be paid to the court reporter for the service which he performs. ■ Although the reporter is a ministerial officer of the court (*Stevens* v. *Truman*, 127 Cal. 155 [59 Pac. 397]), he does not in civil cases receive his compensation from the public treasury nor are the fees which he receives paid into the public treasury. All fees which he receives are paid directly to him and in civil actions they are paid by the litigants for a service which is for their benefit and which they desire shall be performed.

Petitioner places much reliance upon the opinion of the Supreme Court in *Meacham* v. *Bear Valley Irr. Co.*, 145 Cal. 606 [79 Pac. 281, 68 L. R. A. 600], as a decision that the fees of a court reporter are court costs. We have heretofore indicated our opinion that such fees are costs of an action but that in the instant case the plain language of section 274 of the Code of Civil Procedure prohibited the court from taking the action which petitioner requested. The above-cited case bears sufficient similarity in certain respects to the situation which is here presented to warrant some consideration. It was an action in ejectment in which, after a witness had been called by the plaintiff, the court made an order requiring the defendant to pay one-half of the reporter's *per diem* within five minutes or judgment would be rendered in plaintiff's favor as prayed for. The defendant's counsel thereupon stated to the court that the defendant had no money with which to pay the reporter's fee and that he excepted to the court's order. Upon the expiration of the time designated in the order, the defendant having failed to deposit the reporter's fee as required, the court, without any trial of the cause ordered judgment to be entered in plaintiff's favor. On appeal it was held that it was not within the power of the trial court to render a judgment giving to the plaintiff the right to property of which the

defendant was in possession without any evidence of such right and without affording to the defendant an opportunity to reply to whatever evidence the plaintiff might adduce. The mere failure of the defendant to pay costs in advance of trial did not authorize the court to deprive him of his defense to the action.

It is immediately apparent that there is at least one important distinction between the cited decision and the instant case. In the Meacham case the court arbitrarily rendered judgment in plaintiff's favor without hearing a syllable of evidence, evidently as a penalty for noncompliance with an order requiring payment of reporter's fees in advance. In the instant case the court simply ordered that the action be stricken from the trial calendar to be reset when the petitioner should pay the reporter's fees or indicate his willingness and ability to pay. Petitioner was not, therefore, by the court's order deprived of his right to have the action tried. He was deprived of the privilege of an immediate trial to be reported by the court reporter when he declared his inability to pay the reporter's fee without indicating, so far as appears, that he was willing to proceed with the trial without the service of the reporter.

Because of this obvious distinction, we think that the Meacham case is by no means decisive of the present proceeding.

For the reasons herein stated respondent's demurrer to the petition for a writ of mandate is sustained and the alternative writ of mandate issued herein is discharged.

Barnard, P. J., and Marks, J., concurred.