[S. F. No. 17003. In Bank. Aug. 4, 1944.]

THE PEOPLE, Petitioner, v. J. F. MORONEY, as County Clerk, etc., Respondent.

Robert W. Kenny, Attorney General, and H. H. Linney, Chief Assistant Attorney General, for Petitioner.

J. H. O'Connor, County Counsel (Los Angeles), and S. V. O. Prichard, Assistant County Counsel, for Respondent.

CARTER, J.—Respondent County Clerk of Los Angeles County has refused to accept for filing or file without the payment of a fee of $3.50, an answer of the State Franchise Tax Commissioner in his capacity as such, in an action pending in the superior court of that county to recover franchise taxes paid under protest pursuant to the Bank & Corporation Franchise Tax Act. (Stats. 1929, p. 19, as amended; Deering's Gen. Laws, 1937, Act 8488.) The action is against the commissioner in his official capacity as an officer of the State and is in accordance with the provision for such actions contained in section 30 of the Bank & Corporation Franchise Tax Act. In the instant proceeding petitioner, the State of California, seeks a writ of mandate to compel respondent to accept and file the answer.

The difficulty arises over the interpretation of section 261b which was added to the Code of Civil Procedure in 1943. (Stats. 1943, ch. 1031.) That section provides for the appointment in counties having a population of 900,000 or more of phonographic reporters for the superior court in such counties who shall receive an annual salary of $4,800 in lieu of any fee from the parties to the litigation excepting for transcription. The salary is made payable out of the salary fund of the county. Parties litigant are required to pay to the county clerk, in addition to fees received by any other law, a fee of $3.50 in the "following instances: (1) Where Section 4300a of the Political Code requires such party to pay said clerk a fee for the filing of the first paper in a civil action or in a special proceeding, except in an appeal from an inferior court.

"(2) Where Section 4300a of the Political Code requires such party to pay said clerk a fee for filing papers transmitted from another court . . . except in an appeal from an inferior court.

"(3) *Where Section 4300a of the Political Code requires such party to pay said clerk a fee* on the appearance in a civil action or special proceeding of a defendant, intervenor,

respondent, correspondent or adverse party, except in an appeal from an inferior court.

"(4) Where Section 4300a of the Political Code requires such party to pay said clerk a fee for the filing of a petition or other paper in a probate or guardianship matter.

"The fee so required shall be taxed as costs in favor of any party paying the same and to whom costs are awarded by the judgment of the court. *Such fee shall not be subject to the provisions* of Section 6103 of the Government Code." (Italics added.) The fees so collected are deposited in the county salary fund.

Section 6103 of the Government Code, referred to in section 261b of the Code of Civil Procedure was enacted in 1943. (Stats. 1943, ch. 134.) It states that neither the State, county etc. nor any public officer acting in his official capacity on behalf thereof shall pay any fee for the filing of any paper or performance of any official service, except where the officer is acting with reference to private assets or where it is specifically provided otherwise. That section was based upon section 4295 of the Political Code which was repealed in 1943. The later section read substantially the same as its successor.

It will be recalled that section 261b of the Code of Civil Procedure states that the fee of $3.50 shall not be subject to section 6103 of the Government Code, indicating that the State or an officer thereof would not be exempted from the payment of such fee. Yet the forepart of section 261b states that the fee shall be paid where, in the various instances, one is payable under 4300a of the Political Code, possibly indicating that if no fees were payable thereunder the fee specified in section 261b need not be paid. Section 4300a after setting forth the fees to be charged by the clerk for various services states: "No fee shall be charged by the clerk for service rendered in any criminal action or adoption proceeding, *nor for any service to the State of California.* No fee shall be charged by the clerk for service rendered to any municipality or county in said State, or to the National Government, nor for any service relating thereto, except for making or certifying to a copy of a filed paper, record or proceeding, when not otherwise provided by law." (Italics added.) It cannot be doubted that that language is broad enough to include an officer of the State as well as the State

itself acting in his official capacity on behalf of the State. It has been held that an action against an officer in his official capacity is equivalent to and may be treated as an action against the State or a political subdivision thereof. (See *Bacich* v. *Board of Control*, 23 Cal.2d 343 [144 P.2d 818]; *California Securities Co.* v. *State*, 111 Cal.App. 258 [295 P. 583].) And the Bank & Corporation Franchise Tax Act specifically provides for such a suit against the commissioner. (§ 30.) Likewise, a suit to recover taxes paid under protest although against a state officer rather than the State is treated as an action against the latter in regard to the immunity of the State from costs. (See *Innes* v. *McColgan*, 52 Cal.App.2d 698 [126 P.2d 930].)

The reference to section 6103 of the Government Code in section 261b is clear and unambiguous. It is susceptible of only one meaning, and that is, that neither the State nor an officer thereof may avail themselves of the exemption from the payment of fees authorized by section 6103. The reference to section 4300a of the Political Code in section 261b may be susceptible of a contrary interpretation, that is, that the fees specified are not chargeable where they would not be payable under section 4300a by reason of the above quoted portion thereof. The question arises therefore as to whether those two provisions of section 261b are wholly irreconcilable and if so which one controls. That issue must be resolved in light of the cardinal rule of statutory construction that, as expressed in 23 Cal.Jur. 760:

". . . a statute must be read and considered as a whole, in order that the true legislative intention may be determined. All the parts of a statute must be construed together, and harmonized, so far as it is possible to do so without doing violence to the language or to the spirit and purpose of the act, so that the statute may stand in its entirety. For the purpose of harmonizing apparently conflicting clauses, each should be read with direct reference to every other which relates to the same subject, and so read, if possible, as to avoid repugnancy."

It is our opinion that the later provision in section 261b referring to section 6103 is controlling and the State is not exempt from the fees; that conclusion may be harmonized with the earlier reference to section 4300a. It will be noted

that the later provision is specific and definite. It singles out section 6103 and specifically states that the exemption shall not apply. Likewise, the terms of the latter section are concrete and clear and it deals *solely* with the subject of *exemption* of the State and its officers from the payment of fees. On the other hand the earlier reference to section 4300a is general and the words have more of a descriptive character. It is clearly susceptible of the construction that it is referring to the times and the particular events which call for the payment of the fee. For illustration the event in the instant case is the filing of an answer. Section 261b states that the fee shall be paid where section 4300a requires a party to pay the clerk a fee on appearance of a defendant in a civil action, but excepts an appeal from an inferior court. Section 4300a is more definite and requires a fee ''On the appearance of any defendant, intervenor, respondent, co-respondent or adverse party, *whether separately or jointly, except for the purpose of making disclaimer,* to be paid upon filing the first paper in the action on his behalf, one dollar ($1).'' Italics added.) It is to be noted that additional clauses appear in 4300a which do not appear in 261b(3), namely, the fee must be paid whether the appearance is joint or separate and no fee is required in case of a disclaimer. Hence, meaning and effect is given to the reference to section 4300a. The reasonable conclusion is that that reference is for the purposes above mentioned, rather than that the intent was to include the exemption in the latter part of section 4300a. At least it may be said that it is equally reasonable that the reference to section 4300a is so limited while on the other hand there can be no doubt that by the reference to section 6103 the only purpose was to free the fee from the exemption. ■ In cases of conflict between the provisions of the same statute, those susceptible of only one meaning will control those susceptible of two if the statute can thereby be made harmonious. (See *Dennis* v. *Moses,* 18 Wash. 537 [52 P. 333, 40 L.R.A. 302] ; *Street* v. *Commercial Credit Co.,* 35 Ariz. 479 [281 P. 46, 67 A.L.R. 1549].)

As above stated the reference to section 6103 is specific and that section deals solely with exemption of the State from the payment of fees. ■ Assuming there is a conflict in the provisions of section 261b, the rule should be applied that specific provisions of a statute control over general pro-

visions where there is a conflict. (*Rose* v. *State of California*, 19 Cal.2d 713 [123 P.2d 505]; *Long Beach School Dist.* v. *Payne*, 219 Cal. 598, 605 [28 P.2d 663].) This is especially true· when it is possible at least partially to iron out the inconsistencies and make the whole harmonious. ▮ Stated in another way where one provision of a statute treats specially and solely of a matter, it prevails over other provisions which make only incidental reference thereto because the attention of the Legislature was directed to the particular matter. (*County Board of Education* v. *Fiscal Court*, 221 Ky. 106 [298 S.W. 185].) The rule is particularly applicable in the instant case inasmuch as the reference to section 6103 was added by an amendment to the bill after it was introduced. The attention of the Legislature was therefore particularly directed to it.

▮ Section 261b should be interpreted in the light of the purpose sought to be achieved and any inconsistency should be harmonized to the end that such purpose is not thwarted. (*Dept. of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189 [93 P.2d 131].) The obvious purpose in the enactment of section 261b was to provide that the compensation of court reporters in counties with a population of 900,000 or over would be placed upon a salary basis as distinguished from a per diem fee. In some counties the reporter is paid by the parties a fixed fee for each day's services in court. (See Code Civ. Proc., § 274; Pol. Code, §§ 4231-4287a.) In others he receives an annual salary from the county and the parties pay the per diem rate to the county. Under section 261b the reporters are paid from the county salary fund, and into that fund are paid the fees specified which are received upon the filing of certain papers rather than the per diem rate for official court reporting. Obviously, it was the purpose of the Legislature in providing for such fees to create a fund at least partially sufficient to pay the annual salaries. Hence, any exemptions from the payment of those fees would to some extent defeat that aim. In this connection it should be observed that the exemption in section 4300a relates to fees for services performed by the clerk, whereas fairly construed the fees mentioned in section 261b are for reporters' services, thus indicating that such exemption was not intended to apply.

Finally, if it be assumed that the earlier and later provisions of section 261b cannot under any circumstances be reconciled, as a last resort it would be appropriate to apply the rule that the later provision in point of position controls the earlier provision although both are in the same statute and passed at the same time. (*People* v. *Dobbins,* 73 Cal. 257 [14 P. 860]; *Wilhelm* v. *Silvester,* 101 Cal. 358 [35 P. 997]; *Alameda County* v. *Dalton,* 148 Cal. 246 [82 P. 1050]; *In re Roberts,* 157 Cal. 472 [108 P. 315]; *Estate of Steehler,* 195 Cal. 386 [233 P. 972]; *Smith* v. *Board of Trustees of Barnes City,* 198 Cal. 301 [245 P. 173].) A cogent reason for applying the rule in the instant case is the addition of the reference to section 6103 after the bill was introduced.

For the foregoing reasons the alternative writ of mandate is discharged and the petition for peremptory writ denied.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.