[L. A. No. 19713.   In Bank.   June 14, 1946.]

DIVISION OF LABOR LAW ENFORCEMENT, Petitioner,
v. J. F. MORONEY, as County Clerk, etc., Respondent.

Pauline Nightingale and Fred Houghton for Petitioner.

Harold W. Kennedy, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondent.

CARTER, J.—Petitioner, a division of the Department of Industrial Relations of the State of California, seeks a writ of mandate to compel the respondent, County Clerk of Los Angeles County, to accept for filing without charge a complaint in an action in which plaintiff seeks to recover as the assignee of wage claims pursuant to chapter 4, of division 1 of the Labor Code, authorizing the division to bring actions for the collection of wages where the employee needs assistance. Respondent's refusal to accept the complaint for filing without the payment of a fee is based upon *People* v. *Moroney*, 24 Cal.2d 638 [150 P.2d 888].

The issue involved is the construction of section 261b of the Code of Civil Procedure, and section 101 of the Labor Code in the light of *People* v. *Moroney*, *supra*.

Section 261b as added to the Code of Civil Procedure in 1943 (Stats. 1943, ch. 1031) and amended in 1945 (Stats. 1945, ch. 965) after providing for the payment of annual salaries to phonographic reporters in superior courts in counties of a certain class, and establishment of a salary fund from which to pay such salaries and that no other fees shall be paid to the reporters in taking down testimony, requires that parties shall pay a fee of $3.00 when certain papers are filed or steps taken in actions in addition to any other fees. Reference is made to section 4300a of the Political Code in regard to the instances in which fees are collected. The latter section provides what and when fees shall be charged by the clerk. In the reference to section 4300a, section 261b provides that the $3.00 fee shall be collected "where" section 4300a requires the payment of a fee to the clerk. Section 4300a contains a provision stating that "No fee shall be charged by the clerk for any service . . . to the State of California." Opposed to that is the provision in section 261b that: "Such fee [the $3] shall not be subject to Section 6103 of the Government Code." That section (6103) reads: "Neither the State nor any county, city, district, or other political subdivision, nor any public officer or body, acting in his official capacity on behalf of the State, or any county, city, district or other political subdivision, shall pay or deposit any fee for the filing of any document or paper, for the performance of any official service, or for the filing of any stipulation or agreement which may constitute an appearance in any court by any other party to the stipulation or agreement. This section does not apply where a public officer is acting with reference to private assets or obligations which have come under his jurisdiction by virtue of his office, or where it is specifically provided otherwise." We held in *People* v. *Moroney, supra,* that the specific exclusion embodied in section 261b of the exemption provided for in section 6103 controlled, and that the state when proceeding in an action, acting through the Franchise Tax Commissioner, must pay the $3.00 fee. In the instant case an additional statute is involved. Section 101 of the Labor Code provides: "When a civil action is brought by the division [the kind of action here involved], no court costs of any nature shall be payable by the division." It will be remembered that in the provision of section 261b excluding the application of section 6103 of the Government Code ex-

empting the payment of fees, specific reference is made to that section, and it is specifically declared to be inapplicable. Nothing is said about the application of section 101 of the Labor Code. There being no other provision in section 261b excluding statutes exempting the payment of fees, it follows that fees need not be paid in actions coming within the purview of section 101 of the Labor Code as the exemption provided for in that section is not specifically excluded. *People* v. *Moroney, supra,* therefore, has no application. Here we have a case where a statute provides generally for certain court fees to be paid by the parties and also a statute stating that as to particular actions by a department of the state government, fees need not be paid. In such a situation we cannot say that the former statute impliedly repealed the latter insofar as the $3.00 fee in counties of a certain class is concerned; nor that the former carves out of the latter an exception. ▮ A specific statute upon a subject controls over a general provision. (*People* v. *Moroney, supra.*) And "a general statute will not repeal by implication a former one which is special or which is limited in its application unless there is something in the general law that makes it manifest that the legislature contemplated and intended a repeal." (*Boyd* v. *Huntington,* 215 Cal. 473, 482 [11 P.2d 383].) There is nothing in section 261b which compels the conclusion that a repeal has been accomplished. It is general in dealing with the payment of fees by any and all parties in all actions in counties of a certain class, whereas section 101 specifically refers to certain actions brought by the state for the benefit of employees who have unpaid wage claims.

It is suggested that by reason of the provision in section 261b eliminating the general rule of exemption of the state from payment of fees as embodied in section 6103, the Legislature has manifested a general intent that as to the $3.00 fee there shall be no state exemption in any case, and that the purpose of section 261b, that is, to replenish the salary fund for payment of phonographic reporters, will be thwarted if the exemption in section 101 is permitted. That, however, is a matter of the Legislature where, as here, specific reference is made to section 6103 alone and no other section. Presumably it knew of the exemption in section 101, and has had an opportunity to exclude it from the operation of section 261b but has not done so. Moreover it does not necessarily follow that section 6103 expresses an exemption for fees so broad

that it includes the exemption here involved. It will be remembered that the last sentence in section 6103 provides that the section (the exemption) does not apply where the public officer is acting with reference to "private obligations" which have come under his jurisdiction. It may well be that the obligations, that is, the wage claims between private employer and employee, which are being enforced by a public officer, pursuant to the Labor Code, are such private obligations.

Petitioner is therefore entitled to a writ of mandate directing the respondent to accept for filing and to file without the payment of the fee mentioned in section 261b of the Code of Civil Procedure, the pleading as prayed for.

Let a peremptory writ issue accordingly.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence J., concurred.