[Civ. No. 19892. First Dist., Div. One. Apr. 3, 1962.]

Estate of EUGENE C. COMPTON, Deceased. ALAN CRANSTON, as State Controller, Claimant and Appellant, v. IRVIN E. COMPTON, as Executor, etc., Objector and Respondent.

James W. Hickey, Chief Inheritance Tax Attorney, Charles J. Barry, Senior Inheritance Tax Attorney, Newell C. Barnett and Milton D. Harris, Associate Inheritance Tax Attorneys, for Appellant.

Koster & Kohlmeier and Bayley Kohlmeier for Respondent.

TOBRINER, J.—In *Estate of Compton* (1962) 198 Cal. App.2d 766 [18 Cal.Rptr. 416], following the decision of this court affirming the order below, the parties stipulated that a remittitur should issue forthwith. The remittitur issued on January 31, 1962, and it contained the provision: "Respondent to recover costs on appeal." Appellant filed a motion for recall of the remittitur on the ground that costs may not be awarded against the Controller under the provisions of section 14675 of the Revenue and Taxation Code. While conflicting provisions of three statutes and of the Rules on Appeal seemingly apply to the problem, we set out *infra*

why we believe the specific provisions of section 14675 must govern.

The first and earliest such statutory provision, section 1028 of the Code of Civil Procedure, approved by the Governor on April 20, 1943, and effective August 4, 1943, provides: "Notwithstanding any other provisions of law, when the State is a party, costs shall be awarded against it on the same basis as against any other party and, when awarded, must be paid out of the appropriation for the support of the agency on whose behalf the State appeared."

The second legislative expression, section 14675 of the Revenue and Taxation Code, approved May 20, 1943, and effective July 1, 1945, provides: "No fee shall be charged the Controller for filing, recording, or certifying any petition, lis pendens, decree, or order, or for taking any oath or acknowledgment, in any proceeding under this part; *nor shall any undertaking be required from or costs awarded against the Controller or the State in any such proceeding.*" (Emphasis added.) The accompanying sections 14671 and 14673 state that inconsistent provisions in the Code of Civil Procedure, relating to any proceedings, including appeals, shall be applicable, "[e]xcept as otherwise provided in this part" (§ 14671), and that "[n]othing in this article precludes the State from any relief provided for in this part which may be inconsistent with the provisions of the Code of Civil Procedure" (§ 14673).

The third statute, approved April 18, 1945, and effective September 15, 1945, section 1034 of the Code of Civil Procedure, provides: "In appeals from the superior and municipal courts, costs shall be awarded as provided in rules adopted by the Judicial Council." This section extends the power granted to the Judicial Council under the Constitution (art. VI, § 1a) which allowed the Judicial Council to "[a]dopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force. . . ." Similarly, section 961 of the Code of Civil Procedure, an amendment approved on January 14, 1943, and effective immediately, provided that all laws in conflict with the rules promulgated by the council should be of no further force or effect. Thus the Judicial Council acquired its power to promulgate rules on appeal from two sources. The Constitution delegated to it the power to establish rules not in conflict with acts of the Legislature. The Legislature delegated further power to the Judicial

Council. The constitutional and legislative enactments therefore do not conflict; the legislative delegation of power to the council is proper, especially since section 961 required the council to report its rules to the Legislature.

The fourth provision, rule 26 of the Rules on Appeal, as amended in 1959, states that "the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal. In the case of a general and unqualified affirmance of the judgment . . . the respondent shall be deemed the prevailing party. . . ."

The solution to the dilemma presented by this complex of legislative enactment is found in *Brill* v. *County of Los Angeles* (1940) 16 Cal.2d 726, 732 [108 P.2d 443] : " [A] special statute dealing expressly with a particular subject controls and takes priority over a general statute." (See also : *Rose* v. *State* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505] ; *Division of Labor Law Enforcement* v. *Moroney* (1946) 28 Cal.2d 344, 346 [170 P.2d 3] ; *Board of Supervisors* v. *Simpson* (1951) 36 Cal.2d 671, 673 [227 P.2d 14] ; Code Civ. Proc., § 1859.)

In the instant case, only one provision purports to deal specifically with the power of the courts to assess costs against the Controller. Clearly section 14675 pertains to this subject matter more directly than section 1028, which treats of the awarding of costs against the State in general.

Respondent's argument that section 1028 must prevail because it is, according to respondent, a more recent enactment, cannot stand. Two of the aforementioned provisions, section 1034 and rule 26, were enacted subsequent to section 14675, and respondent argues that the third provision, section 1028, although actually adopted prior in time to section 14675, must be treated as having been enacted subsequent to that section. Respondent's argument rests upon the supposition that section 14675 merely codifies a preexisting statute, while section 1028 constitutes a new enactment. We need not, however, consider the relative dates of the enactment of the various provisions because section 14675 must prevail over more general statutes, despite the fact that other enactments are subsequent in point of time. As the court stated in *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593] : " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or

after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication.' (*People* v. *Breyer,* 139 Cal.App. 547, 550 [34 P.2d 1065, 1067]; *Riley* v. *Forbes,* 193 Cal. 740, 745 [227 P. 768].)'' (See also: *People* v. *Pacific Imp. Co.* (1900) 130 Cal. 442, 447 [62 P. 739]; *Boyd* v. *Huntington* (1932) 215 Cal. 473, 482 [11 P.2d 383].)

 Neither section 1034 nor rule 26 purports to repeal any code provisions. Although the general dictate of section 1028, which is prior in time, stipulates that it is applicable ''[n]otwithstanding any other provisions of law,'' the more recent provision in the Revenue and Taxation Code provides that the Code of Civil Procedure provisions shall be applicable, ''[e]xcept as otherwise provided in this part. . . .'' (§ 14671.) The Legislature passed both sections in the same year; we may not presume that it intended to enact an abortive section 14675. The specific statute must prevail; our holding does not render section 1028 meaningless; it merely articulates a legislative exception to that provision.

The motion is granted. The remittitur is recalled for the purpose of striking therefrom the provision ''Respondent to recover costs on appeal'' and as corrected is ordered to issue forthwith.

Bray, P. J., and Sullivan, J., concurred.