[No. C026578. Third Dist. June 4, 1998.]

STEPHEN R. TOWNZEN, Plaintiff and Appellant, v.
COUNTY OF EL DORADO et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Stephen R. Townzen, in pro. per., for Plaintiff and Appellant.

Louis B. Green, County Counsel, and Vicki J. Finucane, Deputy County Counsel, for Defendants and Respondents.

Victor J. Westman, County Counsel (Contra Costa) and Arthur W. Walenta, Assistant County Counsel, as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**PUGLIA, P. J.**—Pursuant to Government Code section 26826, subdivision (a), "The total fee for filing the first paper in the action on behalf of any defendant, . . . whether separately or jointly, . . . shall be one hundred eighty-two dollars ($182)."

Plaintiff Stephen R. Townzen appeals from an order which, among other things, authorized eleven named defendants—seven of whom jointly filed a demurrer and four of whom jointly filed a motion to quash—each to recover as litigation costs an initial filing fee of $182, for a total of $2,002. He

argues that the plain language of Government Code section 26826, subdivision (a), (hereafter § 26826(a)) demonstrates the Legislature intended that defendants jointly filing their first responsive paper shall collectively incur a single filing fee of $182. Defendant, the County of El Dorado (County), responds that section 26826(a), properly construed, requires that defendants jointly filing their first responsive paper must *each* pay a filing fee of $182. There is support in the language of section 26826(a) for the position of each side.

County has called our attention to legislative history which, when considered with the statutory scheme of which section 26826(a) is a part, resolves the ambiguity in favor of the interpretation urged by County, i.e., that the section requires that each of several defendants must pay a filing fee of $182, regardless of whether they file their first responsive paper jointly or severally. Accordingly, we shall affirm the order awarding costs from which plaintiff appeals.

The dispute underlying this litigation arises from plaintiff's attempts to collect child support payments from his ex-wife. In a complaint purporting to state causes of action for negligence, intentional tort, fraud, conspiracy, failure to train, failure to supervise, breach of contract, violation and conspiracy to violate his civil rights (42 U.S.C. § 1983) and dereliction of duty, plaintiff sued County, the El Dorado County District Attorney, Family Court Division, and, in "their official and individual capacities," 10 county employees: Walter J. Miller, Gary C. Lacy, Paul Sutherland, David Richmond, Robbin Haffner, Linda Brown, Terrance R. Brown, Michelle Cleland, Kathy Fisher, and Lisa Garcia (collectively, defendants).[2]

Four defendants responded to the original complaint by moving jointly to quash service of the complaint, and seven other defendants jointly demurred. The court sustained the demurrer to the complaint, and plaintiff filed an amended complaint which alleged essentially the same causes of action against the same defendants.

Defendants successfully demurred to the first amended complaint, following which, on December 6, 1996, plaintiff filed a request for dismissal without prejudice. Plaintiff served his request for dismissal on the same day and the dismissal was entered by the clerk.

On December 27, defendants filed a memorandum of costs as the prevailing parties, seeking $252 in "filing and motion fees," together with attorney

---

[2]Although plaintiff's ex-wife, Jennifer Townzen, is also a named defendant, she was not a party to the proceedings pertinent to this appeal and thus is not included in the collective reference to "defendants."

fees of $4,747. On January 17, 1997, the court denied the request for attorney fees and awarded $252 in filing and motion fees.

On January 28, defendants applied ex parte for leave to file an amended memorandum of costs, asserting they had just learned from the superior court clerk's office that "the costs of filing are charged per *party*, not per *pleading*" (italics in original). Defendants now sought a total of $2,408 in filing and motion fees, incurred in the filing of the following: an August 1996 demurrer on behalf of seven defendants ($182 × 7 = $1,274); an August 1996 motion to quash on behalf of four defendants ($182 × 4 = $728); an August 1996 motion to strike on behalf of seven defendants ($14 × 4 = $98); a November 1996 demurrer on behalf of ten defendants ($14 × 10 = $140); and a November 1996 motion to quash on behalf of one defendant ($14 × 1 = $14).

Plaintiff objected to defendants' application on several grounds, including that (1) the court's January 17 cost order is void because defendants' memorandum of costs was untimely, (2) the ex parte application to amend is also untimely, and (3) the court lacked jurisdiction to order costs paid to defendants because Government Code sections 6103 and 6103.5 permit the County to recover its unpaid filing fees only in the event "a judgment" is entered in its favor.

Defendants subsequently filed a noticed motion to amend their memorandum of costs. In it they argued that because plaintiff dismissed his complaint against them, they are "prevailing parties" and entitled to recover their filing and motion fees as a matter of right (Code Civ. Proc., §§ 1032, 1032.5); that their initial memorandum of costs was timely filed (Cal. Rules of Court, rule 870(a)(1)); and, further, that they are entitled to recover their filing fees as costs pursuant to Government Code sections 6103 and 6103.5.[3]

Plaintiff filed written opposition to defendants' motion and moved to "strike" the proposed amended memorandum of costs on the grounds that

---

[3]Government Code section 6103, provides in pertinent part that "[n]either the state nor any county, city, district, or other political subdivision, nor any public officer or body, acting in his official capacity on behalf of the state, or any county, city, district or other political subdivision, shall pay or deposit any fee for the filing of any document or paper . . . ."

Government Code section 6103.5, subdivision (a) states in pertinent part that "[w]henever a judgment is recovered by a public agency named in Section 6103, either as plaintiff or petitioner or as defendant . . . which under the provisions of Section 6103 no fee for any official service rendered by the clerk of the court, including, but not limited to, the services of filing, certifying, and preparing transcripts, nor fee for service of process or notices by a sheriff or marshal has been paid, . . . the clerk entering the judgment shall include as a part of the judgment the amount of the filing fee, and the amount of the fee for the service of process or notices which would have been paid but for Section 6103, designating it as such. . . ."

defendants who jointly file their first paper in an action do not incur separate filing fees; and that the proposed amended memorandum is untimely and seeks costs in excess of the court's jurisdiction to award.

The court granted defendants' motion to amend their memorandum of costs so as to claim $182 for each of seven defendants who filed a demurrer in August 1996, and $182 for each of four defendants who moved in August 1996 to quash. The court also permitted a motion fee of $14 for each of three documents filed thereafter—the August 1996 motion to strike and the November 1996 demurrer and motion to strike—and awarded costs in the total amount of $2,044. The court ruled the original cost memorandum had been timely filed and, if it had not, any untimeliness was the result of inadvertence, for which the court granted relief under Code of Civil Procedure section 473. Plaintiff appeals.

## I*

. . . . . . . . . . . . . . . . . . . . . . . .

## II

Plaintiff's chief contention on appeal, that defendants should not have been permitted to recover as litigation costs more than a single filing fee for their jointly filed responses, requires us to construe the language of section 26826(a): "The total fee for filing the first paper in the action on behalf of any defendant, intervenor, respondent, or adverse party, whether separately or jointly, except for the purpose of making disclaimer shall be one hundred eighty-two dollars ($182)."

In construing a statute, a court must ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) To determine legislative intent, we first examine the words of the statute (*ibid.*), applying "their usual, ordinary, and common sense meaning based [upon the language] used and the evident purpose for which the statute was adopted." (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) If the words of the statute are ambiguous, a court may resort to "extrinsic sources, including the ostensible objects to be achieved and the

*See footnote 1, *ante*, page 1350.

legislative history." (*People* v. *Coronado, supra,* at p. 151.) Applying these rules of statutory interpretation, a court " 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and to avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People* v. *Coronado, supra,* at p. 151.)

■■■■ The words, "any defendant," in the phrase "on behalf of any defendant" in section 26826(a) can be construed, as defendants suggest, as singular and, hence, each and every defendant must pay the specified fee. On the other hand, the requirement in section 26826(a) that the "total fee for filing the first [responsive] paper . . . shall be one hundred eighty-two dollars ($182)," can be interpreted to exclude the possibility that the total fee might be anything other than $182, for example a multiple of $182, when the first paper is jointly filed by more than one defendant. Because the statute is susceptible to more than one reasonable interpretation, it is ambiguous. Under these circumstances, we consider the statute's provenance and legislative history as an aid in discerning the Legislature's intent. (*Granberry* v. *Islay Investments* (1995) 9 Cal.4th 738, 744 [38 Cal.Rptr.2d 650, 889 P.2d 970].)

Section 26826(a) derives from former Political Code section 4003a. (Stats. 1917, ch. 590, § 1, p. 903.) The latter section provided in material part that "On the appearance of any defendant, or any number of defendants appearing jointly, except disclaimer, to be paid upon filing the first paper in the action by him or them, two dollars; and for every additional defendant appearing separately, one dollar." Because the statute dealt discretely with "any defendant" and "any number of defendants," its use of the words "any defendant" contained in this early version of the statute was plainly intended to refer to any individual defendant.

In 1921, the Legislature amended former Political Code section 4003a to provide that "On the appearance of any defendant, intervenor or correspondent, whether separately or jointly, except for the purpose of making disclaimer, to be paid upon filing the first paper in the action on his behalf, one dollar." (Stats. 1921, ch. 210, § 1, p. 239.) This departure from the former language, i.e., "any defendant, or any number of defendants appearing jointly" indicates a legislative intention to eliminate the statute's provision that two or more defendants responding jointly shall pay a specified fee.

Former Political Code section 4003a remained essentially unchanged for more than 20 years. (*People* v. *Moroney* (1944) 24 Cal.2d 638, 643 [150 P.2d 888].) During that period, one case, *Security-First Nat. Bk.* v. *Cooper* (1944)

62 Cal.App.2d 653 [145 P.2d 722], considered whether the statute required individual defendants filing jointly each to pay an appearance fee. In that case, the plaintiff sued an Elks Lodge and 1188 individual Lodge members, to recover money owed under a real property lease. (*Id.* at p. 658.) After three defendants answered separately, each "for himself alone," counsel entered into written stipulations that the three individually filed answers should be "considered and treated" as having been made on behalf of 57, 77, and 48 other plaintiffs, respectively. (*Id.* at p. 661.) The court rejected the argument that the stipulations "effectively adopted the answers on file for the defendants named in the stipulations" because, had they been submitted to the court clerk for that purpose, ". . . it would have been the duty of the clerk to demand and collect an appearance fee for each defendant named in the stipulations before filing them. (Pol. Code, secs. 4295, 4300a.) This does not appear to have been done." (*Id.* at p. 662.)

Although admittedly dictum (62 Cal.App.2d at pp. 660, 662) the quoted language in *Security-First Nat. Bk.* v. *Cooper* is nonetheless persuasive. In 1947, the Legislature recodified in the Government Code those portions of the former Political Code which pertain to the imposition of court fees, a change which, as described prior to its enactment by the Legislative Counsel, " 'makes no substantive changes in existing law, but rearranges and restates in simplified language the substance of existing laws, and repeals obsolete and superseded statutes.' " (*Hogoboom* v. *Superior Court* (1996) 51 Cal.App.4th 653, 666 [59 Cal.Rptr.2d 254].) Codified as Government Code section 26826, the new statute provided: "On the appearance of any defendant, intervenor, respondent, corespondent [*sic*], or adverse party, whether separately or jointly, except for the purpose of making disclaimer, the fee is one dollar ($1), to be paid upon filing the first paper in the action on his behalf." (Stats. 1947, ch. 424, § 1, p. 1147.)

The text of former Political Code section 4003a thus survived recodification essentially unchanged *after* it had been interpreted by the Court of Appeal in *Security-First Nat. Bk.* v. *Cooper* as requiring defendants filing jointly to be assessed an individual filing fee. Although the Legislature had the opportunity, it made no alterations in 1947 to reflect a different intent. In fact, the same language construed in *Security-First Nat. Bk.* v. *Cooper*—that "any defendant, intervenor or correspondent, whether separately or jointly, except for the purpose of making disclaimer" shall pay a specified fee "upon filing the first paper in the action"—continues virtually unaltered in section 26826(a). Accordingly, we presume the Legislature intended section 26826(a) to convey the same meaning as former Political Code section 4003a. ■ "When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the

interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute. [Citation.]" (*People* v. *Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076]; *People* v. *Ledesma* (1997) 16 Cal.4th 90, 100-101 [65 Cal.Rptr.2d 610, 939 P.2d 1310] [same].)

■ From this, we conclude the Legislature intended section 26826(a) to require that each of several defendants shall pay a filing fee in the amount stated, regardless of whether they decide to join with other defendants in a responsive pleading. Hence, it was not error for the trial court to award defendants costs for filing fees aggregating $2,044.

Not only does the legislative history of section 26826(a) support the conclusion we reach here, but the interpretation urged by plaintiff becomes less plausible when this section is read in context with another statute on the same topic. (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735.) Government Code section 26820.6 states: "The term 'total fee' as used in Sections 26820.4, 26826, and 26827, includes the amount allocated to the Judges' Retirement Fund pursuant to Section 26822.3, the vital statistic fee imposed pursuant to Section 26859, the fee for the automation and conversion of court records imposed pursuant to Section 26863[,] any construction fee imposed pursuant to Section 76238, and the law library fee established pursuant to Article 2 (commencing with Section 6320) of Chapter 5 of Division 3 of the Business and Professions Code. The term 'total fee' as used in Sections 26820.4, 26826, and 26827, also includes any dispute resolution fee imposed pursuant to Section 470.3 of the Business and Professions Code, but the board of supervisors of each county may exclude any portion of this dispute resolution fee from the term 'total fee.' "

Mindful that statutory provisions relating to the same subject matter must be harmonized to the extent possible, (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735), we conclude that Government Code section 26820.6 demonstrates that the Legislature intended the words "total fee" in section 26826(a) to refer to the fee authorized by that section as a sum of its constituent parts, including amounts collected for the support of various court programs, as stated in section 26820.6. Thus, "[t]he total fee for filing the first paper in the action on behalf of any defendant," is not, as plaintiff would have it, a limitation on the amount that may be collected from multiple defendants jointly filing their first paper in a civil action.

The two additional arguments advanced by plaintiff also lack merit.

Plaintiff contends that if section 26826(a) is construed as the County urges, it will chill the right to petition the government for redress of

grievances against government officials, abridge the right of access to the courts and thus "violate the petition clause of the first amendment" (capitalization omitted). While it is well established that the right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances (*Zhao* v. *Wong* (1996) 48 Cal.App.4th 1114, 1122 [55 Cal.Rptr.2d 909]), we are not persuaded that the increase in costs an unsuccessful plaintiff will have to bear if each defendant must pay the same fee upon his initial court filing infringes on the right of access or creates "an intimidating force against suing all of those acting in their official capacity, or under its color." Even an indigent plaintiff bears the risk that he will be required to pay the costs of any defendant whom he dismisses from the action. (*Fuller* v. *State of California* (1969) 1 Cal.App.3d 664, 670 [82 Cal.Rptr. 78] ["California is among those states that do not exempt the unsuccessful indigent party from a judgment for costs"].)

We also reject plaintiffs' suggestion that section 26826(a) is a "special tax" subject to the two-thirds vote requirement of article XIII A, section 4, of the California Constitution (Proposition 13), rather than a permissible user fee. The term "special taxes" in article XIII A, section 4, does not include fees which do not exceed the reasonable cost of providing services necessary to the activity for which the fee is charged and which are not levied for unrelated revenue purposes. (*Sinclair Paint Co.* v. *State Bd. of Equalization* (1997) 15 Cal.4th 866, 876 [64 Cal.Rptr.2d 447, 937 P.2d 1350]; *Mills* v. *County of Trinity* (1980) 108 Cal.App.3d 656, 659-600 [166 Cal.Rptr. 674].) Plaintiff has not established that filing fees such as those imposed by section 26826(a) are levied for revenue purposes unrelated to the activity for which the fees are charged, i.e., to help offset the costs of services related to the administration of the superior courts.

The March 21, 1997, cost order is affirmed. The parties shall bear their own costs on appeal.

Davis, J., and Nicholson, J., concurred.