[No. B118103. Second Dist., Div. Five. July 21, 1999.]

DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, Plaintiff and Appellant, v. SE HWAN LEE et al., Defendants and Respondents.

## COUNSEL

Barbara J. Ferguson for Plaintiff and Appellant.

Riley & Reiner, Raymond L. Riley and David Wiggins for Defendants and Respondents.

## OPINION

**ARMSTRONG, J.**—In this case, the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE) brought a lawsuit against

respondents,[1] which it later dismissed. Respondents filed a memorandum of costs, seeking filing and motion fees, the cost of court-ordered transcripts, and other costs. The trial court found that respondents were the prevailing parties in the litigation and entered a costs judgment against the DLSE. (Code Civ. Proc., § 1032.)

The DLSE contends that under Labor Code section 101, costs may not be awarded against it. That statute provides that "No court costs of any nature shall be payable by the division, in any civil action to which the division is a party. . . ." We find that under Code of Civil Procedure section 1028, which provides that "Notwithstanding any other provisions of law, when the State is a party, costs shall be awarded against it on the same basis as against any other party . . . ," the DLSE may be ordered to pay costs to the prevailing party in litigation. Labor Code section 101 does not exempt the DLSE from such a costs order. We thus affirm the judgment.

### Factual and Procedural Summary

We need recite only a few facts regarding the litigation: The lawsuit was filed in November of 1996 by the DLSE and the State Board of Equalization (Board) against respondents. The complaint alleged that Rhee owed large sums in sales taxes and employee wages, and that respondents had engaged in transfers of Rhee's assets in order to defraud creditors, including the DLSE and the Board. The DLSE and the Board sought an order setting aside various transfers of property, an injunction, and additional declaratory relief.

In August 1997, the DLSE and the Board dismissed the action. Respondents moved for costs, seeking slightly over $10,000 in filing and motion fees, court-ordered transcripts, the cost of a discovery referee, and other costs. The DLSE moved to strike the memorandum of costs or, in the alternative, to tax costs, contending, inter alia, that under Labor Code section 101 it was exempted from the payment of costs. The trial court granted the motion to tax costs as to certain of the claimed costs, but denied the motion to strike the memorandum of costs, and entered a costs judgment against the DLSE in the amount of $2,920. The Board was ordered to pay $6,220 in costs. The judgment includes a finding that respondents were the prevailing parties in the litigation.

---

[1]Respondents are the estate of Richard Rhee, Se Hwan Lee, Soon Jong Chae; and six corporate entities, Center of Gardena, Inc., Se Hwan, Inc., Orange World, Inc., Rowland Heights David Corporation, Beverly World Industries, Inc., and Cerritos Stephanie Corporation. Rhee died in June of 1997.

## Discussion

Labor Code section 101 provides that "No court costs of any nature shall be payable by the division, in any civil action to which the division is a party. Any sheriff or marshal requested by the Labor Commissioner or a deputy or representative of the Labor Commissioner shall serve the summons in the action upon any person within the jurisdiction of the sheriff or marshal or levy under a writ of attachment or execution in the action upon the property of any defendant without cost to the division except for keeper's fees, service fees, and storage charges."

■ The DLSE contends that under Labor Code section 101, it is exempt from paying costs of any nature when it is a litigant, so that it may not be ordered to pay costs to a prevailing party under Code of Civil Procedure section 1032, subdivision (b). The DLSE argues that Labor Code section 101 creates an exception to Code of Civil Procedure section 1028, which provides that "Notwithstanding any other provisions of law, when the State is a party, costs shall be awarded against it on the same basis as against any other party and, when awarded, must be paid out of the appropriation for the support of the agency on whose behalf the State appeared."

The DLSE reaches its conclusion by application of several rules which instruct us on the manner in which two statutes are to be interpreted when they cover the same matter and are in conflict. The DLSE argues that Labor Code section 101 is the more specific statute, and thus constitutes an exception to Code of Civil Procedure section 1028, despite the fact that Code of Civil Procedure section 1028 begins with the phrase "Notwithstanding any other provision of law." (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593]; *Estate of Compton* (1962) 202 Cal.App.2d 94 [20 Cal.Rptr. 589].) And, since Code of Civil Procedure section 1028, although earlier enacted, was significantly amended after Labor Code section 101 was enacted, the DLSE also cites the rule that a general statute will not repeal a specific statute by implication unless there is something in the general law which makes it manifest that the legislature intended a repeal. (*Div. of Labor Law Enforcement* v. *Moroney* (1946) 28 Cal.2d 344, 346 [170 P.2d 3].) We have no quarrel with these rules, but since we find that the two statutes are not in conflict, but are compatible, we need not have recourse to them, and find the arguments unpersuasive.

■ The rules governing statutory construction are clear. We begin with the fundamental premise that the objective is to ascertain and effectuate legislative intent. In determining intent, we look first to the language of the

statute, giving effect to its plain and commonsense meaning. Where the words of the statute are clear, we may not add to or alter them, and need not have recourse to rules of statutory construction. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; *California Fed. Savings & Loan Assn.* v. *City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].) Further, we do not determine the meaning of a statute from a single word or sentence. Instead, we construe the words and sentences in context and in the light of the statutory scheme. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ▮ When these rules are applied to the statutes before us, it becomes clear that Labor Code section 101 and Code of Civil Procedure section 1028 are not in conflict.

Code of Civil Procedure section 1028 is part of a statutory scheme which establishes the right of a prevailing party to recover costs in an action, except where there is an express statutory provision to the contrary. (Code Civ. Proc., § 1032, subd. (b).) That statutory scheme specifies the items which are allowable as costs, and includes not only filing, motion, and jury fees, but the cost of taking, videotaping, and transcribing necessary depositions (Code Civ. Proc., § 1033.5, subd. (a)(3)), fees of expert witnesses ordered by the court (Code Civ. Proc., § 1033.5, subd. (a)(8)), reasonably necessary models and blowups (Code Civ. Proc., § 1033.5, subd. (a)(12)), and, within the discretion of the court, other items reasonably necessary to the conduct of the litigation (Code Civ. Proc., § 1033.5, subd. (c)(4)). Under Code of Civil Procedure section 1028, all those costs may be awarded against a state agency like the DLSE on the same basis as against any other party.

Labor Code section 101 provides in its first sentence that the DLSE need not pay court costs. Although the statute does not further define the "court costs" it refers to, or explicitly identify the usual recipient of those costs, the only reasonable reading of the sentence is that it exempts the DLSE from paying the filing fees and other fees charged by a court in connection with litigation. *Div. of Labor Law Enforcement* v. *Moroney, supra,* 28 Cal.2d 344, characterizes Labor Code section 101 as a statute that states that "as to particular actions by a department of the state government, fees need not be paid." (28 Cal.2d at p. 346 [statute exempted division from paying supplemental $3 filing fee under then existing statutory scheme].) Nothing in Labor Code section 101 can reasonably be read to exempt the DLSE from paying the variety of costs specified in the Code of Civil Procedure to the prevailing party in litigation.

This conclusion is reinforced by the second portion of Labor Code section 101, which exempts the Labor Commissioner from paying the sheriff or

marshal to serve a summons or to levy under a writ of attachment or execution, except for keeper's fees, service fees, and storage charges. This provision would not be necessary if Labor Code section 101 bore the broad meaning advocated by the DLSE. Similarly, Labor Code section 101.5, which exempts the Labor Commissioner from paying fees "for the filing or recording of any document or paper in the performance of any official service by the Labor Commissioner"[2] illustrates a legislative intent to exempt the DLSE from payment of certain fees to other government agencies.

Further, we have examined the entire legislative history of Labor Code section 101, and find no hint that the Legislature intended to exempt the Labor Commissioner from paying costs to the prevailing party in litigation. When the Legislature wishes to exempt a state agency from costs awards under Code of Civil Procedure section 1028, it will say so explicitly. This point is illustrated by former Revenue and Taxation Code section 14675, cited by respondents. That statute provided that "No fee shall be charged the Controller for filing, recording, or certifying any petition, lis pendens, decree, or order, or for taking any oath or acknowledgment, in any proceeding under this part; nor shall any undertaking be required from *or costs awarded against* the Controller or the State in any such proceeding." (Stats. 1963, ch. 1765, § 1, p. 3523, italics added.) In *Estate of Compton, supra*, 202 Cal.App.2d 94, the court held that that statute was a specific statute which constituted an exception to Code of Civil Procedure section 1028, the more general statue.

Unlike the former Revenue and Taxation Code section, Labor Code section 101 does not concern itself with "costs awarded against" the DLSE. ■ " ' "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." ' . . ." (*People v. Kuhn* (1963) 216 Cal.App.2d 695, 699 [31 Cal.Rptr. 253], citations omitted.) Unlike the former Revenue and Taxation Code, Labor Code section 101 does not purport to exempt the Labor Commissioner from the payment of costs to a prevailing party, and does not conflict with Code of Civil Procedure section 1028.

*Gue v. Superior Court* (1934) 1 Cal.App.2d 91 [36 P.2d 202] also assists us in reaching this result. That case, one of only two reported cases to

---

[2]The statute further provides that "The amount ordinarily charged for such filing or recording shall be made a part of any judgment recovered by the Labor Commissioner and shall be paid by the Labor Commissioner if sufficient money is collected over and above the wages, penalties, or demands actually due the claimants." (Lab. Code, § 101.5.)

interpret Labor Code section 101, concerns the interaction of that statute and Code of Civil Procedure former section 274, which then provided that court reporter fees must be paid equally by the parties. The Court of Appeal found that Labor Code section 101 did not exempt DLSE from paying its share of those fees. The court cited the portion of Code of Civil Procedure former section 274 which provided that court reporters "shall not" perform services without a fee, and found that the trial court had no authority to order the court reporter to perform unpaid services. The court further found that the Labor Code section 101 exception for keeper's fees, mileage fees, and storage charges indicated "a recognition by the framers of the statute that certain persons not connected with the courts . . . and not receiving compensation from the public exchequer might, in the accomplishment of certain statutory remedies, be called upon to render service for which they would be entitled to compensation . . . ." (1 Cal.App.2d at pp. 97-98.)

Thus, *Gue* establishes that Labor Code section 101 exempts the DLSE from payment of costs to the court in connection with litigation. It does not provide the DLSE with a blanket exemption from paying costs of litigation, and does not exempt the DLSE from paying the costs specified in Code of Civil Procedure section 1033.5, incurred by an opponent, where the opponent is a prevailing party under Code of Civil Procedure section 1032.

The DLSE also cites the public policy in favor of the prompt payment of wages (*Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837 [187 Cal.Rptr. 449, 654 P.2d 219]), and argues that the entire statutory scheme indicates that with Labor Code section 101, the Legislature intended to further this policy by exempting the DLSE from paying "costs of any nature" when it is a litigant. The DLSE cites the fact that as originally enacted, Labor Code section 101 applied only when the DLSE brought the action, and that the statute was amended in 1959 to apply whenever the DLSE was a litigant. The DLSE also argues that this legislative intent is expressed in Labor Code section 3712, which exempts the Director of Industrial Relations from paying filing fees in matters concerned with enforcement of statutory requirements that employers secure the payment of workers compensation. The DLSE argues that the exemption for the DLSE would facilitate protection of workers in this state, pursuant to public policy.

The words of the statute are the best expression of legislative intent (*Burden* v. *Snowden, supra,* 2 Cal.4th at p. 562), and as we have seen, nothing in Labor Code section 101 exempts the DLSE from paying costs to a prevailing party. Further, we do not see that public policy is defeated, or the DLSE hindered in protecting employees' rights, if the DLSE, like other

state agencies, is subject to Code of Civil Procedure section 1028, which simply provides that a state agency is subject to ordinary provisions on payment of costs, and that costs awarded against it must be paid out of its appropriation. The trial court did not err in ordering the DLSE to pay costs.

Finally, the DLSE contends that it was not liable for any costs because respondents were not the prevailing parties. In support, it argues that it dismissed the action because the purpose of the litigation had been rendered moot by Rhee's death, and that in such circumstances neither party is the prevailing party. The DLSE cites no authority for its legal argument, that respondents are not the prevailing party because it voluntarily dismissed a moot lawsuit. Even if that were a valid principle of law, we cannot reverse on that ground, because the DLSE has not given us a factual record which establishes that the action was indeed moot and was dismissed for that reason. We thus cannot find that the trial court abused its discretion in determining that respondents were the prevailing party. (*Elster* v. *Friedman* (1989) 211 Cal.App.3d 1439, 1443 [260 Cal.Rptr. 148].)

*Disposition*

The judgment is affirmed. Respondents to recover costs on appeal.

Turner, P. J., and Grignon, J., concurred.