[No. B164171. Second Dist., Div. Eight. Oct. 21, 2004.]

In re Marriage of NORMA PATRICIA and WAYMON HOBDY, JR.
WAYMON HOBDY, JR., Appellant, v.
NORMA PATRICIA HOBDY, Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3 of the Discussion.

### COUNSEL

Law Offices of Damon L. Hobdy and Damon L. Hobdy for Appellant.

Working People's Law Center and Arthur L. Goldberg for Respondent.

### OPINION

**RUBIN, Acting P. J.**—Appellant Waymon Hobdy, Jr., (husband) appeals from those portions of a December 10, 2002, order which awarded pendente lite child and spousal support and attorney's fees to respondent Norma Patricia Hobdy (wife). Husband contends: (1) the trial court lacked jurisdiction to reconsider a prior order that denied attorney's fees; (2) the amount of child and spousal support awarded was not supported by substantial evidence; and (3) the trial court abused its discretion by refusing husband's request to continue the hearing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married on April 15, 1992, and had two children together: Jazmyn, born January 1993, and Jozlyn, born June 1997. On June 12, 2002, husband filed a petition for dissolution. Wife was personally served with the petition on June 23, 2002. On July 25, 2002, husband's request to enter wife's default was granted.

On September 6, 2002, wife filed a motion to set aside the default and requested sanctions and attorney's fees in the amount of $2,750 pursuant to Family Code sections 271 and 2030.[1] She argued that husband had given her

---

[1] Except as is apparent from the text, all further undesignated section references are to the Family Code. In pertinent part, section 271 provides: "(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant

an open extension of time to plead. Husband opposed relief from default and the attorney's fees request, challenging wife's showing of need under section 2030. Husband also made his own request for sanctions pursuant to Code of Civil Procedure section 473, subdivision (c)(1)(A) and (C) (section 473).[2] On October 16, 2002, the trial court granted wife's motion for relief, but denied the competing requests for sanctions and wife's section 2030 request for attorney's fees (the October 16 order).

That same day, wife filed an order to show cause (OSC) for child custody, visitation, child support, spousal support, injunctive relief, and section 2030 attorney's fees. The OSC was set for December 10, 2002. On December 2, 2002, husband filed a response to the OSC. Regarding wife's request for attorney's fees in the OSC, husband argued that it was an improper Code of Civil Procedure section 1008 (section 1008) motion for reconsideration of the October 16 order.[3] According to husband, section 1008 "is the EXCLUSIVE means for modifying, amending, or revoking an order whether interim or final." (Underscoring in original.)

On December 5, 2002, husband made an ex parte application to continue the OSC to allow for completion of a child custody evaluation in April or May 2003, and to allow husband time to take discovery. Wife opposed the continuance, arguing that the issues of child and spousal support required immediate attention. The trial court denied the continuance, observing that it would not order a child custody evaluation without a hearing and the matter could be continued if additional evidence proved necessary.

At the OSC hearing, the trial court concluded that, since husband was the working party, he would be responsible for wife's attorney's fees during the pendency of the action.[4] Meanwhile, husband and wife were awarded joint

---

to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. . . ." Section 2030 is a more general attorney's fees provision. We set forth pertinent provisions of that statute in the text, *post*.

[2] Section 473 provides generally for the setting aside of judgments and other orders upon a proper showing. Monetary penalties and other relief may be granted as appropriate. (§ 473, subd. (c)(1)(A), (2).) The interplay between relief under section 473 and the availability of similar remedies under the Family Code is set out in Family Code section 2120 et seq.

[3] Section 1008 proscribes the circumstances under which a motion for reconsideration can generally be filed. We cite pertinent portions of the statute in the text, *post*.

[4] As she did in the trial court, wife argues on appeal that the OSC request for attorney's fees was not a motion to reconsider the denial of such fees in connection with the motion for relief from default, but was a new request for attorney's fees in connection with the OSC. The record is ambiguous on this point. In support of her request for attorney's fees when she sought relief from default, wife averred: "[Husband] should be ordered to pay all of my attorney's fees and costs out of our community funds because he has full control of our finances and has refused to share any funds with me. I have no community funds of my own due to [husband's] conduct

legal custody of the children; and wife was awarded temporary primary custody of the children with prescribed visitation by husband. Husband was ordered to pay wife: (1) child support in the amount of $1,904, based on an 18 percent time share arrangement as stipulated to by the parties; and (2) spousal support in the amount of $ 247 per month.[5] Wife's attorney was ordered to submit a financial declaration for "attorney's fees *incurred in this proceeding*, as well as an Order for Attorney's Fees for the Court's approval and signature." (Italics added.)

On January 3, 2003, husband filed a timely notice of appeal from the December 10 order.[6]

## DISCUSSION

1. *Code of Civil Procedure Section 1008 Does Not Preclude an Award of Attorney's fees and Costs*

   A. *Overview*

Husband contends the trial court lacked jurisdiction to award wife the attorney's fees she requested in the OSC.[7] He argues that the OSC request for attorney's fees was essentially a section 1008 motion for reconsideration of the October 16 order denying such fees but that it did not meet the jurisdictional requirements of section 1008. For the reasons set forth below,

---

and no separate funds of my own either in order to protect my interests in this matter." In support of her OSC request for attorney's fees, wife stated: "I am also requesting that [husband] make a contribution towards my attorney's fees and costs because I had to borrow money to hire an attorney to overturn the default judgment my husband obtained against me without my knowledge. I have no funds of my own and [husband] has not been giving me any money at all." Thus, it appears that, in both motions, wife was requesting attorney's fees incurred in prosecuting the individual motion as well as future proceedings. Thus, wife's assertion that the OSC request for attorney's fees was not a request for reconsideration of the earlier denial of fees is not persuasive.

[5] The spousal support award reflected the "guideline amount" less the amount of the mortgage on the family residence, which husband was ordered to continue paying.

[6] The trial court denied husband's request for a stay of the interim orders pending the appeal. On March 28, 2003, husband filed a petition for writ of mandate to stay the trial court's order/notice to husband's employer to withhold child support payments from husband's paycheck for the reason that the filing of this appeal and posting of a bond stayed enforcement of the December 10 support and attorney fee orders. We denied the petition.

[7] We note that husband contends only that the trial court lacked jurisdiction to hear the application for attorney's fees because wife had not complied with section 1008; he does not contend that, if the trial court had jurisdiction to award such fees, it abused its discretion in doing so in this case; nor, does he challenge the amount awarded.

we conclude that a section 2030 request for attorney's fees that is filed after an earlier denial of such fees need not comply with section 1008.[8]

Our analysis begins with the Code of Civil Procedure. Section 1008 "specif[ies] the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions . . . ." (Legis. Counsel's Dig., Sen. Bill No. 1805, 4 Stats. 1992 (Reg.Sess.) Summary Dig., p. 165.) In pertinent part, it provides: "(a) When an application for an order has been made to a judge . . . and refused in whole or in part, or granted . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. [¶] (b) A party who originally made an application for an order which was refused in whole or in part . . . may make a subsequent application for the same order upon new or different facts, circumstances or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. . . . [¶] . . . [¶] (e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." In *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 [38 Cal.Rptr.2d 626], the court held that section 1008 " 'is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional.' [Citation.]"

We next turn to the Family Code. Section 2030 provides what appears to be a different method for seeking reconsideration of attorney fee orders in

---

[8] We do not decide here whether section 1008 applies to other motions brought under the Family Code. We note that Family Code sections 210 and 211, and California Rules of Court, rules 5.21 and 5.22, acknowledge the relationship between family law procedure and rules, on the one hand, and statutes applicable to civil actions generally, on the other. (See also *In re Marriage of Armato* (2001) 88 Cal.App.4th 1030, 1040 [106 Cal.Rptr.2d 395] (*Armato*) ["the Code of Civil Procedure and rules governing civil actions apply to family law cases unless Family Code provides applicable procedure or rule"]; *Forslund v. Forslund* (1964) 225 Cal.App.2d 476, 486 [37 Cal.Rptr. 489]; Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2004) ¶ 5:526, p. 5-200 (rev. #1 2004).)

family law cases. It provides generally that in deciding whether to award attorney's fees, the court is to determine the ability to pay and consider the respective incomes and needs of the parties in order "to ensure that each party has access to legal representation . . . ." (*Ibid.*) It then states: "*From time to time and before entry of judgment, the court may augment or modify the original award for attorney's fees and costs as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto . . . .*" (*Ibid.*, italics added.)[9]

We continue our analysis with some familiar principles of statutory interpretation. " ' "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. . . ." . . . In determining that intent, we first examine the words of the statute itself. . . . Under the so-called "plain meaning" rule, courts seek to give the words employed by the Legislature their usual and ordinary meaning. . . . However, the "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose. . . . If the terms of the statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved under the legislative history.' [Citation.]" (*Armato, supra,* 88 Cal.App.4th at p. 1035.)

Moreover, " 'statutes must be harmonized, both internally and with each other, to the extent possible. Interpretations that lead to absurd results or render words surplusage are to be avoided.' " (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].) "Further, we do not determine the meaning of a statute from a single word or sentence. Instead, we construe the words and sentences in context and in the light of the statutory scheme." (*Department of Industrial Relations v. Lee* (1999) 73 Cal.App.4th 763, 767 [86 Cal.Rptr.2d 710].) In reconciling two apparently inconsistent statutes, a specific statute is properly treated as an exception to a more general one. (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1005 [106 Cal.Rptr.2d 381], citing *San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].) Finally a statute should be construed to avoid implied repeal of another statute. (*Department of Personnel Administration v. Superior Court* (1992) 5 Cal.App.4th 155, 191 [6 Cal.Rptr.2d 714].)

---

[9] According to section 2032, the amount of the *award* must be just and reasonable under the relative circumstances of the parties, taking into account each party's need to have sufficient financial resources to present adequately that party's case. Section 2031 provides that application for a temporary order augmenting or modifying an *award* of attorney's fees or costs shall be made by noticed motion or, under some circumstances, by an unnoticed order to show cause.

As we explain below, application of statutory construction rules that favor specific legislation over the more general, disfavor implied repeal, harmonize statutes on similar subjects, and make paramount legislative intent, compel us to conclude that the trial court properly utilized section 2030 and not section 1008 in making its attorney's fees award. Our conclusion is bolstered by the fact that courts have been cautious in applying section 1008 outside of civil actions and that not all provisions of the Code of Civil Procedure apply to family law matters.

B. *Section 2030 Applies as the More Specific Statute; Such a Construction Avoids Implied Repeal.*

Sections 1008 and 2030 are at odds with each other in several respects, the most fundamental of which is the former's requirement that application for reconsideration be brought within 10 days of the entry of the original order (§ 1008, subd. (a)), a provision absent from section 2030. The latter permits an award of attorney's fees to be augmented or modified "from time to time." The only reasonable interpretation of the "from time to time" language is that application to augment or modify an attorney's fees award in a family law matter may be brought at any time, not just within 10 days of the original order. (Cf. *Kaiser v. Easton* (1957) 151 Cal.App.2d 307, 315 [311 P.2d 108].) Additionally, unlike section 1008, subdivisions (a) and (b), both of which require a showing of new or different facts, circumstances or law, a section 2030 application may be made if fees are "reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto . . . ." A moving party need not show changed events.

██ In an effort to harmonize what appears to be two inconsistent statutes, we are mindful of the rule that repeal by implication is disfavored. We "assume that in enacting a statute the Legislature was aware of existing, related laws and intended to maintain a consistent body of statutes. [Citations.] Thus, there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supercede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together. [Citations.]" (*Department of Personnel Administration v. Superior Court, supra,* 5 Cal.App.4th at p. 191.)

A review of the historical precedents to sections 1008 and 2030 is thus helpful to our understanding of which statute applies in the present setting. Code of Civil Procedure section 1008 is derived from former Code of Civil

Procedure sections 182 and 183, which were originally enacted in 1872.[10] Sections 182 and 183 were repealed and replaced with former section 1008 in 1933.[11] (Stats. 1933, ch. 744, § 177, p. 1898.) Former section 1008 was repealed, and current section 1008 was enacted in 1978. (Stats. 1978, ch. 631, § 2, p. 2084.) In 1992, section 1008 was amended to add, among other things, subdivision (e), which provides that section 1008 "specifies the court's jurisdiction with regard to reconsideration of its orders and renewals of previous motions . . . ." (Stats. 1992, ch. 460, § 4, p. 1832.) Prior to this amendment, section 1008 was not jurisdictional. (*Josephson v. Superior Court* (1963) 219 Cal.App.2d 354 [33 Cal.Rptr. 196]; *Moore v. Moore* (1955) 133 Cal.App.2d 56 [283 P.2d 338]; *Pacific States Corp. v. Grant* (1927) 87 Cal.App. 108 [261 P. 1100].) In 1998, section 1008 was amended again to add subdivision (g), making the section applicable to all applications for interim orders. (Stats. 1998, ch. 200, § 2.)

Family Code section 2030 has similar bloodlines. It is derived from former Civil Code section 137 which was also enacted in 1872. Section 137 at that time read: "While an action for divorce is pending the Court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." Codes of California (Acts Amendatory) 1877–1878, section 137 was amended to give the court discretion to vary, alter or revoke orders made pursuant to that section. (Codes of Cal. (Acts Amendatory) 1877–78, ch. 298, § 1.) Various amendments not relevant to our discussion here followed until 1951, when section 137 was rewritten, and the provision for pendente lite attorney's fees was included in newly enacted former Civil Code section 137.3. (Stats. 1951, ch. 1700, §§ 1, 2, 3 and 4, pp. 3910–3911; *Hangen v. Hangen* (1966) 241 Cal.App.2d 11, 13 [50 Cal.Rptr. 203].) By 1953, former

---

[10] Those statutes read: "If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent action for the same order can be made to any court commissioner, or any other judge, except of a higher court; but nothing in this section applies to motions refused for informality in the papers or proceedings necessary to obtain the order . . . ." (Former Code Civ. Proc., § 182.) "A violation of the last section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge . . . who made it, or vacated by a judge of the court in which the action or proceeding is pending." (Former Code Civ. Proc., § 183.)

[11] Former section 1008 read: "When an application for an order has been made to a judge or justice, or to the court, and refused in whole or in part, or granted conditionally, or on terms, and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge or justice, what order or decision was made thereon, and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion. [¶] A violation of this section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge, justice, or commissioner who made it, or vacated by a judge, or justice of the court in which the action or proceeding is pending."

Civil Code section 137.3 read: "During the pendency of . . . any action for divorce . . . upon an order to show cause or motion, and if such relief is requested in the complaint, cross complaint or answer, the court may order the husband or wife . . . to pay such amount, as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees; and from time to time and before entry of judgment upon application as aforesaid, the court may augment or modify the original award, if any, for costs and attorney's fees as may be reasonably necessary for the prosecution or defense of the action or any proceeding relating thereto. . . ." (Stats. 1953, ch. 620, § 1, p. 1864, italics added.) In 1969, section 137.3 was replaced by former Civil Code section 4525 (Stats. 1969, ch. 1608, § 8, p. 3328), which in turn was replaced in 1970 by former Civil Code section 4370. (Stats. 1969, ch. 1608, § 8, p. 3314.) These statutory changes were non-substantive. Finally, Family Code section 2030 replaced section 4370 in 1993. (Stats. 1993, ch. 219, § 106.1, p. 1607.)

Thus, provisions in the Code of Civil Procedure for obtaining reconsideration of civil orders in general, and provisions in the Civil Code (and later the Family Code) for obtaining modification of prior orders awarding pendente lite attorney's fees, have coexisted for some 130 years. Each time the Legislature amended, repealed or added provisions to the reconsideration statute and to the laws providing for modification of attorney's fee awards, we assume it was aware of the provisions of the other statute. In particular, we note that during the 1951 regular session, the Legislature both enacted former Civil Code section 137.3 (Stats. 1951, ch. 1700, § 4, p. 3911) and amended former section 1008 (Stats. 1951, ch. 1737, § 134, p. 4132.) Accordingly, it is unlikely that the Legislature impliedly repealed any part of either statute. (*Department of Personnel Administration v. Superior Court, supra,* 5 Cal.App.4th at p. 191.)

■ Unlike the judicial guesswork inherent in implied repeal analysis, another facet of statutory construction is more firmly rooted and also suggests section 2030 is unaffected by section 1008. That rule is that statutes superficially in seeming conflict can be reconciled by giving effect to the statute that is more specific and ignoring the more general statute.

■ Here, section 2030 is narrowly tailored to apply only to attorney's fee orders and only to attorney's fee orders in family law matters. These subjects are not expressly addressed in section 1008, which on its face applies to all orders. (Cf. *San Francisco Taxpayers Assn. v. Board of Supervisors, supra,* 2 Cal.4th at p. 577; *Medical Board v. Superior Court, supra,* 88 Cal.App.4th at p. 1005.) We, thus, conclude that section 2030, being more specific, applies to the present situation to the exclusion of section 1008.

C. *Section 1008 Is Not Universally Applied to Proceedings Outside of Civil Actions.*

Our conclusion that section 1008 does not apply to family law attorney fee orders is supported by other cases that recognize the statute's limitation notwithstanding its facial breadth. For example, interim rulings in criminal cases are excepted from application of section 1008. (*People v. Castello* (1998) 65 Cal.App.4th 1242, 1246–1247 [77 Cal.Rptr.2d 314].) Nor does section 1008 apply in dependency proceedings, where Welfare and Institutions Code section 385 provides that "[a]ny order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article." In *In re Jamika W.* (1997) 54 Cal.App.4th 1446 [63 Cal.Rptr.2d 513], the court held that Welfare and Institutions Code section 388 and California Rules of Court, rule 1432(a)(5) impose the relevant procedural requirements for a section 385 motion and compliance with section 1008 was unnecessary. (But see *Forslund v. Forslund, supra,* 225 Cal.App.2d at p. 484.)

Other provisions of the Family Code dealing with reconsideration also do not incorporate section 1008. For example, section 3022.5 provides: "A motion by a parent for reconsideration of an existing child custody order shall be granted if the motion is based on the fact that the other parent was convicted of a crime in connection with falsely accusing the moving parent of child abuse." In the California Practice Guide: Family Law, the authors observe: "Though the statute uses the language 'motion for reconsideration,' it is not made subject to the [section] 1008 jurisdictional limitations governing motions for reconsideration generally [citations]. Legislative history indicates that [section] 3022.5 is meant, in effect, to provide for an *automatic rehearing* of child custody orders that are 'tainted' by a parent's false child abuse accusation for which he or she is subsequently convicted. (The statute provides no time limit on the grant of such a 'rehearing.')" (Hogoboom and King, Cal. Practice Guide: Family Law, *supra,* ¶ 7:319.6, pp. 7-114–7-115 (rev. #1, 2004), italics original.)

D. *The Family Code Does Not Fully Incorporate the Code of Civil Procedure.*

Excluding section 1008 from family law attorney fee awards accords with the fact that the Code of Civil Procedure is not fully incorporated in the Family Code. For example, the express statutory authority to award a litigant an amount reasonably necessary to cover "the cost of maintaining or defending the proceeding" pursuant to section 2030 is an exception to Code of Civil

Procedure section 998, which might otherwise affect the award of such costs. (See, e.g., *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 23–24 [261 Cal.Rptr. 294].)

Proceedings under former Civil Code sections 137.2 and 137.3, the precursors to section 2030, were not limited to the Code of Civil Procedure section 1049 definition of when an action is "pending." (See, e.g., *Lamborn v. Lamborn* (1923) 190 Cal. 794, 795–796 [214 P. 862] [because trial courts retain the power to modify orders relating to alimony, a divorce case is deemed to be pending after time for appeal from the decree of divorce has passed and the court retains power to award wife attorney's fees incurred with respect to postjudgment proceedings, such as prosecution of an appeal from a postjudgment order reducing an award of spousal support]; *Clayton v. Clayton* (1953) 117 Cal.App.2d 7, 12 [254 P.2d 669]; *Jacobs v. Jacobs* (1924) 68 Cal.App. 725, 731 [230 P. 209].)

Finally, in *County of Orange v. Quinn* (2002) 97 Cal.App.4th 956, 963 [118 Cal.Rptr.2d 833], the court found support orders under Family Code section 3601 were not governed by the five-year time for trial rule contained in Code of Civil Procedure sections 583.310 and 583.360.

### E.   *Other Indicia of Legislative Intent and Purpose.*

A primary goal of family law is the simple and expedient resolution of disputes that arise after the dissolution of marriage. (*Armato, supra*, 88 Cal.App.4th at p. 1035.) The purpose of section 2030 is to provide both parties to a dissolution with the funds reasonably required to litigate adequately and properly the controversy. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768 [209 Cal.Rptr. 354, 691 P.2d 1020]; *In re Marriage of Jovel* (1996) 49 Cal.App.4th 575, 585 [56 Cal.Rptr.2d 740].) " ' " 'The basis for awarding attorney's fees is that each party must have access to legal representation in order to preserve all of his or her rights.' " [Citation.] Thus, a trial court must consider the respective incomes and needs of the parties, including all evidence concerning income, assets and abilities, in exercising its discretion to award attorney's fees. [Citations.]' " (49 Cal.App.4th at p. 586.) These policies—simple and expedient resolution of attorney fees issues in a dissolution action and assuring the parties' access to legal representation—are accomplished by treating section 2030 as an exception to the procedural requirements of section 1008. The vicissitudes of family law proceedings dictate that trial judges must have maximum flexibility in ensuring that each party has the means to pay for counsel. To hold otherwise would frustrate those policies.

We are not persuaded otherwise by the fact that section 2030 allows the court to "augment or modify the original *award* for attorney's fees" (italics

added), yet here wife's original motion for attorney's fees was *denied*, resulting in no award. Even though semantically the words "award" and "order" may be difficult to square, we are satisfied the Legislature did not intend different rules under section 2030 for orders granting and for orders denying attorney's fees. We conclude the word "award" does not equate to "grant" in this context.[12]

Another review of legislative history is revealing. Former Civil Code section 137 authorized trial courts either to vary, alter or revoke attorney's fees *orders* or to enforce them by additional *orders* as were necessary "from time to time." (Codes of Cal. (Acts Amendatory) 1877–1878, ch. 298, § 1.) In 1953, former section 137.3 was added to provide that the court could augment or modify "the original [attorney's fees] *award*." (Italics added.) (Stats. 1953, ch. 620, § 1, p. 1864.) The word "orders" was deleted in that setting. This language was carried forward in a series of amendments that eventually produced former Civil Code section 4370, subdivision (a) and our current Family Code section 2030.

The legislative history of former Civil Code sections 137, 137.3 and 4370, subdivision (a), was described in the concurring opinion in *In re Marriage of Seaman & Menjou* (1991) 1 Cal.App.4th 1489 [2 Cal.Rptr.2d 690]. That case addressed an issue not present here: whether attorney's fees for a related delinquency petition could be awarded in a dissolution action. The concurrence traced the history of the attorney's fees statute. It observed that a line of cases from the 19th century onwards prohibited a trial court from awarding attorney's fees that had been incurred prior to the time the application was heard by the court. Beginning in 1951, the State Bar undertook the task of rectifying this rule. After several false starts, the bar succeeded with the 1953 amendments to former Civil Code section 137.3. (1 Cal.App. 4th at pp. 1504–1508.) That statute was intended to correct "the 'evils' and hardship of arbitrarily tying payment of legitimate attorney's fees and costs to the time of application therefor, thereby precluding the inability of indigent domestic case litigants to obtain payment for necessary past professional services of counsel prior to an order therefor, without a stipulation waiving the prior order. . . ." (*Id.* at p. 1507.)

■ Thus, the Legislature's use of the word "award" as a substitute for "order" was not intended to affect a substantive change in the law such that would permit reconsideration only of those orders awarding attorney's fees while precluding reconsideration of those orders that had initially denied fees. If we were to construe section 2030 as inapplicable to earlier orders that had denied fee requests, we would create an absurd result, and one at odds with

---

[12] Appellant does not argue on appeal that section 2030 is inapplicable because the order under reconsideration denied rather than granted attorney's fees.

the statutory purpose. This would violate the canons of statutory construction discussed earlier. Accordingly, we hold that section 2030 applies both to orders granting and to orders denying attorney's fees.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order appealed from is affirmed. Wife shall recover her costs on appeal.

Boland, J., and Flier, J., concurred.

A petition for a rehearing was denied November 10, 2004.

---

*See footnote, *ante*, page 360.