Filed 6/21/24  In re N.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re N.H., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E082709 |
| Plaintiff and Respondent, | (Super.Ct.No. DPRI2300183) |
| v. | OPINION |
| R.H., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Catherine E. Rupp, Deputy County Counsel for Plaintiff and Respondent.

Defendant and appellant R.H. (Father) is a noncustodial and nonoffending parent in this dependency proceeding concerning his son, N.H. At the disposition hearing, Father did not seek custody of N.H. (Welf. & Inst. Code, § 361.2, subd. (a).)[1] N.H. was placed in foster care, and the juvenile court ordered reunification services for Father. (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 59.) Months later, Father moved (1) to terminate the juvenile court's jurisdiction with an exit order granting him sole custody of N.H., or (2) to vacate the order for Father to participate in services. (§ 388, subd. (a).) The juvenile court denied the motion.

Father raises three issues on appeal. First, Father contends the juvenile court erred by requiring him to establish changed circumstances. (§ 388, subd. (a)(1).) Second, Father asserts the juvenile court should have sua sponte corrected its allegedly erroneous disposition order. Third, Father contends the juvenile court erred by requiring him to participate in reunification services. We affirm.

## FACTS

In March 2023, when N.H. was eight years old, his mother, K.W. (Mother), picked him up from an after-school program and drove him to the shelter for unhoused families where Mother and N.H. resided. When they arrived at the shelter, Mother was drunk. N.H. told a social worker from the Riverside County Department of Public Social Services (the Department) that, while driving N.H., Mother recently rearended a car on the freeway.

---

[1] All subsequent statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

Father did not reside at the family shelter because he "had been asked to leave the [family] shelter a month prior for non-compliance." Father lived at a shelter for men. Father visited N.H. on a weekly basis and attended N.H.'s soccer games. N.H. could not be placed with Father because the shelter where Father resided did not permit minors.

"[Father] admitted to having an extensive criminal history of charges of driving under the influence." Father did not complete his DUI classes and does not intend to complete them. N.H. told the Department social worker, " 'My dad knows that my mom drinks. They both drink. I don't feel like they want to stop.' " The Department placed N.H. in foster care. The Department filed the original petition in the case on May 26, 2023.

During the jurisdiction phase of the hearing, on July 26, 2023, the juvenile court found true the allegation that N.H. was at risk of suffering serious physical harm due to Mother abusing alcohol while caring for N.H. (§ 300, subd. (b).) During the disposition phase of the hearing, the juvenile court ordered N.H. removed from Mother's and Father's care, as though N.H. had been residing with both parents at the time the original dependency petition was filed. (§ 361, subd. (c).) The court ordered Mother and Father to participate in reunification services. Father's services were to include counseling, parenting classes, outpatient substance abuse treatment, and drug testing.

On November 27, 2023, Father moved (1) to terminate the juvenile court's jurisdiction with an exit order for Father to have sole physical custody of N.H. on the

basis that Father is a nonoffending parent and was living with Father's mother, i.e., N.H.'s paternal grandmother, in a child-friendly home, or (2) to terminate the order for Father to participate in counseling, treatment, and classes because Father is a nonoffending parent. Father asserted it was improper for the juvenile court to have ordered him, as a nonoffending parent, to participate in reunification services. The juvenile court denied the motion due to Father failing to present changed circumstances.[2] Father appeals from the denial of his motion (§ 388).

## DISCUSSION

A.    <u>CHANGED CIRCUMSTANCES</u>

Father contends the juvenile court erred by requiring changed circumstances, per section 388, in order to prevail on his motion. (§ 388, subd. (a)(1).) Father asserts that section 385 controlled his motion—not section 388.[3]

Section 385 provides, "Any order made by the [juvenile] court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, *subject to such procedural requirements as are*

---

[2] The juvenile court said it would treat Father's motion to terminate jurisdiction as one for "reconsideration" and then found "there [we]re no new facts presented." The terms "reconsideration" and "new facts" are associated with a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a), which does not apply in juvenile dependency proceedings. (*In re Marriage of Hobdy* (2004) 123 Cal.App.4th 360, 370.) The analogous motion in a dependency case is a motion for modification, which requires a "change of circumstance" per Welfare and Institutions Code section 388, subdivision (a)(1). We use the dependency terminology in our presentation of the facts.

[3] The Department contends Father forfeited this contention by failing to raise it in the juvenile court. We choose to address the merits of the issue.

*imposed by this article.*" (Italics added.) Section 385 is the "general grant of authority" given to the juvenile court to vacate or modify its own orders. (*Nickolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 111) That general "authority is tempered by more specific [procedural] statutes." (*Ibid.*) Section 388 is one of those procedural statutes. Per section 388, if a parent seeks to have an order modified, then the parent needs to demonstrate changed circumstances. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 305; *Nickolas F.*, at pp. 111-112; § 388, subds. (a)(1) & (2).) In sum, for a juvenile court to exercise its authority to modify an order at the request of a parent, there must be a demonstration of changed circumstances.

Father asserts, "Nothing in the plain language of section 385 indicates that the Legislature intended to limit the juvenile court's authority to reconsider its previous orders to circumstances in which a party has filed a petition pursuant to section 388." Father is incorrect. The plain language of section 385 provides that the authority granted in that statute is "subject to such procedural requirements as are imposed by this article." That plain language reflects the procedural requirements of section 388 limit the authority granted to the court under section 385. (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 305.)

B.     SUA SPONTE CORRECTION

Father contends that, rather than requiring Father to demonstrate changed circumstances, the juvenile court should have sua sponte corrected its allegedly erroneous disposition order upon being alerted that Father is a noncustodial and nonoffending parent. Father asserts the juvenile court should have sua sponte

5

terminated its jurisdiction with an exit order granting Father custody of N.H., or, at the very least, vacated its order for Father to participate in reunification services.

There is a statutory preference for placing a child with his noncustodial and nonoffending parent when the court is making a removal order for the child. (§ 361.2, subd. (a) ["If a court orders removal of a child . . . ."].) In the instant case, Father's opportunity to take advantage of the placement preference was at the disposition hearing when the juvenile court removed N.H. from Mother's custody. However, Father did not seek custody of N.H. at the disposition hearing because Father was residing in a shelter limited to adult males.

When a child is ordered removed and, at the removal hearing, the noncustodial and nonoffending parent does not request placement of the child yet hopes to reunify with the child in the future, then the juvenile court must order reunification services for the noncustodial and nonoffending parent. (*In re Adrianna P.*, *supra*, 166 Cal.App.4th at p. 59.) Because Father did not seek custody of N.H. at the time N.H. was removed from Mother's custody, Father missed the opportunity for placement preference. Because Father hoped to reunify with N.H. in the future, the juvenile court was obliged to order reunification services for Father. Accordingly, the juvenile court did not err in not sua sponte "correcting" its already correct disposition order.

C.    REUNIFICATION SERVICES

1.    *DISPOSITION ORDER*

Father contends the juvenile court erred by ordering him to participate in reunification services because "there have been no allegations with father regarding

6

substance abuse or problems with his parenting." Father's contention pertains to alleged errors in the disposition order. Father does frame the issue as an error in denying his motion to modify (§ 388). For example, Father does not discuss the changed circumstances that would have rendered unnecessary the plan for substance abuse treatment. Instead, Father focuses on his position that such services should never have been ordered because he is a nonoffending parent. Indeed, Father "requests that this Court reverse the orders for father to complete parent education, counseling, and substance abuse treatment with testing and aftercare."

Father's notice of appeal did not include the disposition order. We cannot construe the notice of appeal as including the disposition order because the notice of appeal was filed more than 60 days after entry of the disposition order, which exceeds the filing deadline for an appeal. (Cal. Rules of Court, rule 8.406(a)(1).) Specifically, Father's notice of appeal was filed on December 4, 2023, while the disposition order was entered more than four months earlier, on July 26, 2023. Accordingly, we do not consider the issues pertaining to the disposition order. (See *Gonzales v. R.J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804-805; *ReadyLink Healthcare v. Cotton* (2005) 126 Cal.App.4th 1006, 1015.)

2. *MOTION TO MODIFY*

Within Father's motion to modify (§ 388), he requested the juvenile court vacate the order requiring him to participate in classes, treatment, and counseling, on the basis that Father is a nonoffending parent. As discussed *ante*, because Father did not request custody of N.H. at the disposition hearing, yet wanted to reunify with N.H. in the future,

7

the juvenile court was obliged to provide Father with reunification services. (*In re Adrianna P.*, *supra*, 166 Cal.App.4th at p. 59.) Therefore, Father's argument that he, as a nonoffending parent, should not have to participate in reunification services, is incorrect.

## DISPOSITION

The December 1, 2023, order denying Father's motion to modify (§ 388) is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

8